IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **STEVEN CRAWFORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 2:25-cv-183 |
| | § | |
| **COIL TUBING PARTNERS, LLC,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Steven Crawford ("Crawford") brings this Fair Labor Standards Act ("FLSA") suit against Coil Tubing Partners, LLC ("Coil Tubing") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. Coil Tubing violated the FLSA by failing to pay Crawford, a non-exempt HSE coordinator, overtime pay in violation of the FLSA.

2. Coil Tubing failed to pay Crawford at time-and-a-half his regular rate of pay for all hours worked over forty hours within a workweek, despite having full knowledge that Crawford consistently worked over forty hours per week and was entitled to overtime premiums for such hours.

### II. PARTIES

3. Plaintiff Steven Crawford is an individual residing in this Judicial District.

4. Coil Tubing, a foreign limited liability company, employed Crawford at its Robstown, Texas location.

5. Coil Tubing may be served by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan St, Suite 900, Dallas, Texas 75201.

6. Coil Tubing was an "employer" of Crawford as defined by 29 U.S.C. §203(d).

### III.  JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction under 28 U.S.C. § 1331.

8. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Robstown, Texas, which is in this District and Division. Crawford was an employee of Coil Tubing and performed work for Coil Tubing in and around Robstown, Texas.

9. Coil Tubing is subject to this Court's personal jurisdiction for this civil action. Coil Tubing thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. §1391(b).

### IV.  COVERAGE UNDER THE FLSA

10. At all relevant times, Coil Tubing has acted, directly or indirectly, in the interest of an employer with respect to Crawford.

11. At all relevant times, Coil Tubing has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all relevant times, Coil Tubing has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Coil Tubing has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Coil Tubing is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that this enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Crawford was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and who Coil Tubing at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

15. As Coil Tubing's employee, Crawford handled items such as cell phones, computers, personal protective equipment, fire extinguishers, and other tools and items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

16. Coil Tubing is an oilfield services company specializing in well intervention and completion services, with its headquarters in Lafayette, Louisiana, and locations in North Dakota and Texas.

17. Crawford worked as a Health, Safety, and Environmental (HSE) coordinator for Coil Tubing at the company's Robstown, Texas location.

18. As an HSE Coordinator, Crawford's responsibilities included coordinating onboard training and conducting safety inspections.

19. Crawford was on call 24/7, including nights and weekends, to respond to a multitude of issues that Coil Tubing considered high priority. For example, in the event of an injury at the district facility

or a customer site, a motor vehicle accident, or an environmental spill, Crawford was immediately dispatched to the scene of the incident to conduct fact-finding investigations.

20. Coil Tubing also expected Crawford to respond immediately to other issues, such as the breakdown of equipment, correcting DOT logs to ensure drivers remained and/or became compliant and able to drive, and locating and arranging for the delivery of various certificates to employees who had forgotten them, without which they could not work.

21. After the COVID-19 epidemic began, Crawford was responsible for sourcing test kits, often traveling significant distances to obtain them. Crawford was also required to travel to customer sites to drop off both COVID-19 tests and cleaning supplies.

22. When an employee tested positive for COVID-19, Crawford transported them to and from various clinics. In the event they were required to return home, he would transport them from their hotel or man camp back to their residence.

23. Crawford also served as the designated 24/7 point of contact for employees reporting COVID-19 symptoms and/or test results. As there were two 12-hour shifts every day for field workers, Crawford had from 5 to 25 employees calling him about COVID-related issues at all times of the day and night.

24. Crawford was also responsible for 1) ensuring that all fire extinguishers and other fire suppression equipment were inspected, adequately maintained, and ready for use; 2) ordering, tracking, and distribution of personal protective equipment (PPE) to field personnel; 3) performing yard maintenance such as weed control and clearing vegetation; 4) delivering parts for a variety of equipment as needed (e.g., for coil tubing units), and 5) ordering compliance materials such as placards, stickers, fire extinguishers, and Department of Transportation (DOT) books for company vehicles.

25. Throughout his employment, Coil Tubing paid Crawford on a salary basis.

26. When he first began working for Coil Tubing, Coil Tubing did not track Crawford's hours.

27. At some point, Coil Tubing instructed Crawford to start tracking his hours, but never to record working more than forty hours per week. This was in spite of the fact that Crawford consistently worked more than forty hours per workweek and complained about not receiving overtime pay for hours worked over forty per week.

28. Coil Tubing refused to pay Crawford overtime premiums for any hours Crawford worked over forty per workweek.

29. Coil Tubing was fully aware that Crawford consistently worked over forty hours per workweek, as Coil Tubing directed him to work these hours.

30. Coil Tubing has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Crawford.

## VI.  CAUSES OF ACTION

### A.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

31. Crawford re-alleges and incorporates by reference all allegations in all preceding paragraphs 1-30 as though fully set forth herein.

32. During the relevant period, Coil Tubing has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating Crawford for his work in excess of 40 hours per week at rates no less than one-and-one-half times his regular rate for which he was employed. Coil Tubing has acted willfully in failing to pay Crawford in accordance with applicable law.

## B. RETALIATION IN
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Crawford re-alleges and incorporates by reference all allegations in all preceding paragraphs 1-32 as though fully set forth herein.

34. Crawford complained about the above-referenced pay practices of Defendant that were unlawful under the FLSA.

35. Crawford engaged in protected conduct under the FLSA by complaining about the FLSA violations alleged herein.

36. Coil Tubing did nothing to rectify the wage and hour violations about which Crawford complained.

37. A few weeks after making a complaint, Coil Tubing retaliated against Crawford for engaging in protected conduct by terminating his employment.

38. Coil Tubing willfully, intentionally, and unlawfully retaliated against Crawford based on his lawful complaints of wage-hour violations.

39. Coil Tubing terminated Crawford and otherwise discriminated against him as a result of his protected conduct.

40. Coil Tubing has willfully violated the anti-retaliation provisions of the FLSA, which makes it unlawful for an employer to discharge or in any other manner discriminate against an employee because that employee has engaged in protected conduct. 29 U.S.C. § 215(a)(3).

41. As a result of Coil Tubing's willful violations of the FLSA, Crawford is entitled to recover from Coil Tubing compensatory damages, liquidated damages, and punitive damages, as well as reasonable attorneys' fees and costs/disbursements of prosecuting this case, plus post-judgment interest.

## VII.  JURY DEMAND

42. Crawford demand a trial by jury.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Crawford prays for judgment against Defendant Coil Tubing Partners, LLC as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Coil Tubing liable for unpaid back wages due to Crawford and for liquidated damages equal in amount to the unpaid compensation found due to Crawford;

b. For an Order awarding Crawford compensatory damages, liquidated damages, and punitive damages for Coil Tubing's unlawful retaliation;

c. For an Order awarding Crawford the taxable costs and allowable expenses of this action;

d. For an Order awarding Crawford attorneys' fees;

e. For an Order awarding Crawford pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order awarding Crawford declaratory and injunctive relief as necessary to prevent Coil Tubing's further violations, and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., and

g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
505 E. Magrill St.
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
    Douglas B. Welmaker
    Texas State Bar No. 00788641
    doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**