United States District Court
Southern District of Texas
**ENTERED**
July 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Steven Crawford | § § § | |
| v. | § § § § | Civil Action No. 2:25−cv−00183 |
| Coil Tubing Partners, LLC | § | Judge Nelva Gonzales Ramos |

## STANDING ORDER FOR FAIR LABOR STANDARDS ACT CASES NOT PLEADED AS COLLECTIVE ACTIONS

    This Court is implementing the INITIAL DISCOVERY PROTOCOLS FOR FLSA CASES NOT PLEADED AS COLLECTIVE ACTIONS, as supported by the Advisory Committee on Civil Rules. The Initial Discovery Protocols apply to FLSA cases not pleaded as collective actions.

    Parties and counsel shall comply with the Initial Discovery Protocols, attached to this Order. If any party believes that there is good cause why a particular case should be exempted from the Initial Discovery Protocols, in whole or in part, that party may raise the issue with the Court.

    Within 30 days following the defendant's submission of a responsive pleading or motion, the parties shall provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time period. This obligation supersedes the parties' obligations to provide initial disclosures under FRCP 26(a)(1) for the FLSA Claims. The parties shall use the documents and information exchanged in accordance with the Initial Discovery Protocols to prepare the FRCP 26(f) discovery plan.

    The parties' responses to the Initial Discovery Protocols shall comply with the FRCP obligations to certify and supplement discovery responses, as well as the form of production standards for documents and electronically stored information. As set forth in the Protocols, this Initial Discovery is not subject to objections, except upon the grounds set forth in FRCP 26(b)(2)(B) or on the grounds of privilege or work product. Documents withheld based on a claim of privilege or work product are subject to the provisions of FRCP 26(b)(5).

Enter:

Dated: July 11, 2025

_____
Nelva Gonzales Ramos
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Steven Crawford | § § § | |
| v. | § § § § | CIVIL ACTION NO. 2:25−cv−00183 |
| Coil Tubing Partners, LLC | § | Judge Nelva Gonzales Ramos |

**INITIAL DISCOVERY PROTOCOLS FOR FAIR LABOR STANDARDS ACT CASES NOT PLEADED AS COLLECTIVE ACTIONS**

**PART 1: INTRODUCTION AND DEFINITIONS.**

(1) Statement of Purpose.

  a. These Initial Discovery Protocols apply to FLSA cases not pleaded as collective actions. The Protocols are designed to be implemented by trial judges throughout the United States District Courts. The Protocols encourage the parties and their counsel to exchange information and documents early in the case, help frame the issues to be resolved, and plan for more efficient and targeted discovery.

  b. Participating courts may implement the Initial Discovery Protocols by local rule or by standing, general, or individual case orders. The Protocols apply to cases alleging minimum wage and overtime violations under the FLSA (the "FLSA Claims"). If any party believes that there is good cause why a case should be exempted, in whole or in part, from the Protocols, that party may raise such reason with the Court.

  c. The Initial Discovery Protocols are not intended to preclude or modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure and other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures under FRCP 26(a)(1) for the FLSA Claims.

  d. The Initial Discovery Protocols were prepared by a balanced group of highly experienced attorneys from across the country who regularly represent plaintiffs or defendants in FLSA matters. The Protocols require the exchange of information and documents routinely requested in FLSA cases. They are unlike initial disclosures under FRCP 26(a)(1) because they focus on the type of information most likely to be useful in narrowing the issues for FLSA cases.

(2) Definitions. The following definitions apply to cases proceeding under the Initial Discovery Protocols.

- a. ***Concerning.*** The term "concerning" means referring to, describing, evidencing, or constituting.

- b. ***Document.*** The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in F.R.C.P. 34(a).

- c. ***Identify (Documents).*** When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document(or a copy) was to have been sent; or, alternatively, to produce the document.

- d. ***Identify (Persons).*** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

- e. ***Defendant.*** Any person or entity alleged to be an employer or joint employer of the plaintiff(s) in the operative Complaint, unless otherwise specified.

- f. ***Plaintiff.*** Any named individual(s) alleging FLSA Claim(s) in the operative Complaint.

(3) Instructions.

- a. For this Initial Discovery, the relevant time period begins two years before the date the initial Complaint was filed, or, if willfulness is alleged, three years. If the Plaintiff alleges a shorter relevant time period, then that is the time period for Initial Discovery.

- b. For this Initial Discovery, the relevant time period continues through the last date for which the Plaintiff seeks recovery or relief.

- c. This Initial Discovery is not subject to objections except for the reasons under FRCP 26(b)(2)(B) or on the grounds of privilege or work product. Documents withheld based on a claim of privilege or work product are subject to the provisions of FRCP 26(b)(5).

    d. If a partial or incomplete answer or production is provided, the responding party must state the reason that the answer or production is partial or incomplete.

    e. This Initial Discovery is subject to FRCP 26(e) on supplementation and FRCP 26(g) on certification of responses.

    f. This Initial Discovery is subject to FRCP 34(b)(2)(E) on form of production.

    g. This Initial Discovery will be subject to the attached Interim Protective Order unless the parties agree or the court orders otherwise. The Interim Protective Order will remain in place only until the parties agree to or the court orders a different protective order. Absent agreement by the parties, the Interim Protective Order will not apply to subsequent discovery.

    h. Prior to the production of documents by either Party to the other pursuant to the Initial Discovery Protocols, the Parties will meet and confer regarding the format (e.g. TIFF/text, searchable .pdf, Excel) for such production. This will not delay the timeframes for Initial Discovery absent ruling by the court.

**PART 2: PRODUCTION BY THE PLAINTIFF.**

(1) Timing.

The Plaintiff's Initial Discovery must be provided within 30 days after the Defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

(2) Documents that the Plaintiff must produce to the Defendant.

    a. Documents created or maintained by the Plaintiff recording time worked.

    b. Documents created or maintained by the Plaintiff recording wages or other compensation paid or unpaid by the Defendant.[1]

    c. If the Plaintiff reported or complained internally to the Defendant (including but not limited to supervisors or administrative departments, such as human resources, payroll, timekeeping or benefits) about the FLSA Claim(s), the report(s) or complaint(s) and any response that the Defendant provided to the Plaintiff.

    d. Any offer letters, employment agreements, or compensation agreements for the Plaintiff.

---

[1] This Initial Disclosure does not include personal tax returns or tax informational documents.

      e. Any sworn statements from individuals with information relevant to the FLSA Claim(s).

      f. Documents that the Plaintiff relies on to support a claim of willful violation.

      g. All other documents that the Plaintiff relies on to support the Plaintiff's FLSA Claim(s).

(3) Information that the Plaintiff must produce to the Defendant.

      a. Identify persons the Plaintiff believes to have knowledge of the facts concerning the FLSA Claim(s) or defenses, and a brief description of that knowledge.

      b. Identify the start and end dates for the FLSA Claim(s).

      c. The Plaintiff's title or position and a brief description of the Plaintiff's job duties for the relevant time period.

      d. Describe the basis for the FLSA Claim(s).

      e. A computation of each category of damages claimed by the Plaintiff, including a) applicable dates, b) amounts of claimed unpaid wages, and c) the method used for computation (including applicable rates and hours).

      f. The names of the Plaintiff's supervisors during the relevant time period.

      g. If the Plaintiff reported or complained about the FLSA Claim(s) to any government agency, the identity of each such agency, the date(s) or such reports or complaints, and the outcome or status of each report or complaint.

      h. If the Plaintiff reported or complained to the Defendant (including but not limited to supervisors or administrative departments such as human resources, payroll, timekeeping or benefits) about the any FLSA Claim(s), state whether the report or complaint was written or oral, when the report or complaint(s) was made, to whom any report or complaint(s) were made, and any response provided by the Defendant.

## PART 3: PRODUCTION BY THE DEFENDANT.

(1) Timing.

The Defendant's Initial Discovery must be provided within 30 days after the Defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

(2) Documents that the Defendant must produce to the Plaintiff.

    a. Time and pay records created or maintained by the Defendant for the Plaintiff.

    b. If the Plaintiff reported or complained internally to the Defendant (including but not limited to supervisors or administrative departments, such as human resources, payroll, timekeeping or benefits) about the FLSA Claim(s), the report(s) or complaint(s) and any response that the Defendant provided to the Plaintiff.

    c. Any sworn statements from individuals with information relevant to the FLSA Claim(s).

    d. Documents that the Defendant relies on to support a claim that any alleged violation was in good faith.

    e. Any offer letters, employment agreements, or compensation agreements for the Plaintiff.

    f. Collective bargaining agreement(s) applicable to the Plaintiff.

    g. The job description for the position(s) the Plaintiff held during the relevant time period(s), if the job duties are at issue in the FLSA Claim(s).

    h. The Defendant's policies, procedures, or guidelines for compensation that are relevant to the FLSA Claim(s).

    i. The cover page, table of contents, and index of any employee handbook, code of conduct, or employment policies and procedures manual pertaining to compensation or time worked.

    j. Any other documents the Defendant relies on to support the defenses, affirmative defenses, and counterclaims to the FLSA Claim(s).

    k. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(3) Information that the Defendant must produce to the Plaintiff.

    a. Provide the following information related to the Plaintiff:
       1. Start and end dates for work performed;
       2. Work location(s);
       3. Job title(s);
       4. Employee or contractor identification number;

      5. In cases alleging the misclassification of the Plaintiff, the classification status of the Plaintiff (i.e., exempt or non-exempt);

      6. Immediate supervisor(s) and/or manager(s).

  b. If the Defendant does not have a job description for the Plaintiff, a brief description of the Plaintiff's job duties for the relevant time period(s), if the job duties are at issue in the FLSA Claim(s).

  c. Identify persons the Defendant believes to have knowledge of the facts concerning the FLSA Claim(s) or defenses, and a brief description of that knowledge.

  d. If the Plaintiff reported or complained to the Defendant about the FLSA Claim(s), whether the report(s) or complaint(s) were written or oral, when the report(s) or complaint(s) were made, to whom any report(s) or complaint(s) were made, and any response(s) provided by the Defendant.