UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN CRAWFORD | § § § | CIVIL ACTION NO. 2:25-cv-00183 |
| v. | § § § | JUDGE NELVA GONZALES RAMOS |
| COIL TUBING PARTNERS, LLC | § § | |

**COIL TUBING PARTNERS, LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE NELVA GONZALES RAMOS:

NOW INTO COURT, through undersigned counsel, comes Coil Tubing Partners, LLC ("Defendant" or "CTP"), who, in response to the allegations of the Plaintiff's Original Complaint ("Complaint") and subject to all defenses asserted herein and with full reservation of all rights, defenses, objections and claims and with full reservation of the right to supplement and amend this pleading to assert additional defenses, states as follows:

**I. ANSWER**

1. In response to the allegations of paragraph 1 of the Plaintiff's Complaint, said allegations are denied.

2. In response to the allegations of paragraph 2 of the Plaintiff's Complaint, said allegations are denied.

3. In response to the allegations of paragraph 3 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds by stating that the allegations of paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4. In response to the allegations of paragraph 4 of the Plaintiff's Complaint, said

allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant does admit that Plaintiff was previously employed by Defendant. Defendant further admits that it is a Louisiana limited liability company who does business in the State of Texas.

5.     In response to the allegations of paragraph 5 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant does admit that service of process may be effectuated on its registered agent for service or process.

6.     In response to the allegations of paragraph 6 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant does admit that it previously employed Plaintiff.

7.     In response to the allegations of paragraph 7 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds by stating that because Plaintiff has asserted disputed claims under the Fair Labor Standards Act, this Honorable Court does have subject matter jurisdiction over the disputed claims.

8.     In response to the allegations of paragraph 8 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant does admit that Plaintiff was previously employed by Defendant and that he worked in or out of Robstown, Texas.

9.     In response to the allegations of paragraph 9 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant does admit that it has a location in Robstown, Texas.

10.     In response to the allegations of paragraph 10 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant does admit that Plaintiff was previously employed with Defendant.

11.     In response to the allegations of paragraph 11 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Moreover, Defendant responds by stating that to the extent Plaintiff is asserting any legal conclusions, a response is not required. Moreover, Defendant asserts that the Fair Labor Standards Act, applicable regulations and applicable case and legal authority are the best evidence, interpretation and applicability of the Fair Labor Standards Act. Defendant does admit that Plaintiff was previously employed with Defendant.

12.     In response to the allegations of paragraph 12 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Moreover, Defendant responds by stating that to the extent Plaintiff is asserting any legal conclusions, a response is not required. Moreover, Defendant asserts that the Fair Labor Standards Act, applicable regulations and applicable case and legal authority are the best evidence, interpretation and applicability of the Fair Labor Standards Act. Defendant does admit that Plaintiff was previously employed with Defendant.

13.     In response to the allegations of paragraph 13 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Moreover, Defendant responds by stating that to the extent Plaintiff is asserting any legal conclusions, a response is not required. Moreover, Defendant asserts that the Fair Labor Standards Act, applicable regulations and applicable case and legal authority

are the best evidence, interpretation and applicability of the Fair Labor Standards Act. Defendant does admit that Plaintiff was previously employed with Defendant.

14. In response to the allegations of paragraph 14 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Moreover, Defendant responds by stating that to the extent Plaintiff is asserting any legal conclusions, a response is not required. Moreover, Defendant asserts that the Fair Labor Standards Act, applicable regulations and applicable case and legal authority are the best evidence, interpretation and applicability of the Fair Labor Standards Act. Defendant does admit that Plaintiff was previously employed with Defendant.

15. In response to the allegations of paragraph 15 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Moreover, Defendant responds by stating that to the extent Plaintiff is asserting any legal conclusions, a response is not required. Moreover, Defendant asserts that the Fair Labor Standards Act, applicable regulations and applicable case and legal authority are the best evidence, interpretation and applicability of the Fair Labor Standards Act. Defendant does admit that Plaintiff was previously employed with Defendant.

16. In response to the allegations of paragraph 16 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant does admit that it is a Louisiana limited liability company with its principal place of business in Lafayette, Louisiana and who conducts business in the State of Texas and the State of North Dakota. Defendant further admits that it provides coil and fluid pumping services, coil tubing and tool services, coil tubing and nitrogen services and high pressure coil tubing services.

17. In response to the allegations of paragraph 17 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant does admit that Plaintiff was previously employed with Defendant and that Plaintiff held the position of Health, Safety and Environmental Coordinator ("HSE Coordinator").

18. In response to the allegations of paragraph 18 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds by stating that the allegations of paragraph 18 are denied, as written. Defendant does admit that Plaintiff was previously employed with Defendant in the position of HSE Coordinator.

19. In response to the allegations of paragraph 19 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds by stating that the allegations of paragraph 19 are denied, as written. Defendant does admit that Plaintiff was previously employed with Defendant in the position of HSE Coordinator.

20. In response to the allegations of paragraph 20 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds by stating that the allegations of paragraph 20 are denied, as written. Defendant does admit that Plaintiff was previously employed with Defendant in the position of HSE Coordinator.

21. In response to the allegations of paragraph 21 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds by stating that the allegations of paragraph

21 are denied, as written.  Defendant does admit that Plaintiff was previously employed with Defendant in the position of HSE Coordinator.

22.    In response to the allegations of paragraph 22 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant.  Defendant further responds by stating that the allegations of paragraph 22 are denied, as written.  Defendant does admit that Plaintiff was previously employed with Defendant in the position of HSE Coordinator.

23.    In response to the allegations of paragraph 23 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant.  Defendant further responds by stating that the allegations of paragraph 23 are denied, as written.  Defendant does admit that Plaintiff was previously employed with Defendant in the position of HSE Coordinator.

24.    In response to the allegations of paragraph 24 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant.  Defendant further responds by stating that the allegations of paragraph 24 are denied, as written.  Defendant does admit that Plaintiff was previously employed with Defendant in the position of HSE Coordinator.

25.    In response to the allegations of paragraph 25 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant.  Defendant does admit that Plaintiff was previously employed with Defendant and that he was compensated on a salary basis and that he was highly compensated.

26.    In response to the allegations of paragraph 26 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the

part of the Defendant. Defendant further responds to the allegations of paragraph 26 by denying the allegations as written.

27. In response to the allegations of paragraph 27 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds to the allegations of paragraph 26 by denying the allegations as written.

28. In response to the allegations of paragraph 28 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds by denying, as written, the allegations of paragraph 28.

29. In response to the allegations of paragraph 29 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds by denying, as written, the allegations of paragraph 29.

30. In response to the allegations of paragraph 30 of the Plaintiff's Complaint, said allegations are denied.

31. In response to the allegations of paragraph 31 of the Plaintiff's Complaint, said allegations are denied.

32. In response to the allegations of paragraph 32 of the Plaintiff's Complaint, said allegations are denied.

33. In response to the allegations of paragraph 33 of the Plaintiff's Complaint, said allegations are denied.

34. In response to the allegations of paragraph 34 of the Plaintiff's Complaint, said

allegations are denied.

35. In response to the allegations of paragraph 35 of the Plaintiff's Complaint, said allegations are denied.

36. In response to the allegations of paragraph 36 of the Plaintiff's Complaint, said allegations are denied.

37. In response to the allegations of paragraph 37 of the Plaintiff's Complaint, said allegations are denied.

38. In response to the allegations of paragraph 38 of the Plaintiff's Complaint, said allegations are denied.

39. In response to the allegations of paragraph 39 of the Plaintiff's Complaint, said allegations are denied.

40. In response to the allegations of paragraph 40 of the Plaintiff's Complaint, said allegations are denied.

41. In response to the allegations of paragraph 41 of the Plaintiff's Complaint, said allegations are denied.

42. In response to the allegations of paragraph 42 of the Plaintiff's Complaint, said allegations are denied to the extent Plaintiff is asserting any liability or wrongdoing on the part of the Defendant. Defendant further responds by objecting to a trial by jury on any issue, cause of action or claim for relief for which a trial by jury is not allowed under applicable law and Defendant reserves the right to file a motion to strike.

43. In response to the allegations of the unnumbered section of the Plaintiff's Complaint entitled "Prayer for Relief," including subparts a-g, said allegations and such claims for relief are denied.

44. To the extent that any of the allegations of the Plaintiff's Complaint have not been answered herein, said allegations are denied. In addition, Defendant denies the Plaintiff's prayer for relief (including subparts a-g, inclusive), and any allegations contained in the introduction of the Complaint.

## II. **DEFENSES**

45. AND NOW, Defendant further responds to Plaintiff's Complaint by asserting the following defenses with full reservation of the right to supplement and/or amend this Answer and Defenses pleading to assert additional defenses:

### First Defense

46. Defendant is not liable or responsible for the claims asserted by Plaintiff or for any of the items of relief asserted by Plaintiff.

### Second Defense

47. To the extent Plaintiff is asserting a collective action, Defendant asserts the defense of vagueness or ambiguity of the Plaintiff's Complaint on the grounds that it fails to describe, with specificity and particularity, sufficient facts to establish Plaintiff's right and capacity to proceed with a collective action or in a representative capacity on behalf of any other person. Moreover, Plaintiff has failed to allege, with particularity or specificity, sufficient facts to establish that other similarly situated employees exist, as well as Plaintiff's right or capacity to proceed with a collective action under the Fair Labor Standards Act.

### Third Defense

48. To the extent Plaintiff is asserting a collective action, Defendant asserts the defense of Plaintiff's lack of standing to bring legal action on behalf of others or that Plaintiff has standing to sue in a representative capacity or in a collective action under the Fair Labor Standards Act,

including 29 U.S.C. §216(b). Moreover, Plaintiff has failed to articulate or to establish the existence of similarly situated individuals or similarly situated claims necessary for action under 29 U.S.C. §216(b). Additionally, Plaintiff has failed to establish consent of others that are not parties to this lawsuit for the Plaintiff to proceed on their behalf or for their interests or to otherwise satisfy the requirements of 29 U.S.C. §216(b). Defendant asserts the foregoing as collective defenses or, alternatively, as independent defenses to the Plaintiff's claims and lawsuit.

## Fourth Defense

49. To the extent that Plaintiff is seeking any relief beyond the applicable statute of limitations period or to the extent that Plaintiff is seeking to recover damages or pursue claims accruing or arising outside the applicable statute of limitations period, for himself or for or on behalf of or as a representative of any other person, Defendant objects and asserts the defense of statute of limitations. Alternatively, Defendant asserts the applicable statute of limitations period of two years as a bar to Plaintiff's claims, relief or damages or as a bar to recovery for Plaintiff or for any other person.

## Fifth Defense

50. Defendant asserts that, at all times, it has acted in good faith and reasonably and Defendant asserts the defenses of good faith and reasonableness. Moreover, Defendant has not acted willfully, intentionally or in bad faith in connection with its pay practices.

## Sixth Defense

51. To the extent that Plaintiff has failed to take action to avoid or mitigate his damages or claims or to the extent that Plaintiff has otherwise failed to avoid harm or damages by his own actions, errors or omissions, Defendant asserts the defenses of failure to mitigate damages, waiver and estoppel.

**Seventh Defense**

52.  To the extent Plaintiff is asserting a collective action, Defendant asserts the defense of lack of subject matter jurisdiction by this Honorable Court over persons not named as party plaintiffs in this lawsuit or lack of subject matter jurisdiction for a collective action seeking claims or relief for any purported collective action members or others for whom Plaintiff is seeking to represent based on Plaintiff's failure to specify with particularity other similarly situated employees, to name specific individuals, to provide consent of other individuals and the failure to specify, with particularity, the grounds for collective action or representation or Plaintiff's failure to articulate how others may be similarly situated with him.

**Eighth Defense**

53.  To the extent Plaintiff is asserting a collective action, Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief can be granted, in whole or in part, on the grounds of Plaintiff's failure to specify with particularity other similarly situated employees, to name specific individuals, to provide consent of other individuals or the failure to specify, with particularity, the grounds for collective action or representation or Plaintiff's failure to articulate how others may be similarly situated with him.

**Ninth Defense**

54.  Defendant asserts the Plaintiff's failure to state a claim upon which relief may be granted, to the extent that Plaintiff has failed to articulate or establish the applicability, in whole or in part, the Fair Labor Standards Act.

**Tenth Defense**

55.  Defendant raises the defense of failure to state a claim upon which relief may be granted based on one or more of the exemptions under the provisions of the Fair Labor

Standards Act and its regulations applicable to Plaintiff and said exemptions are asserted herein and incorporated herein by reference and are asserted as affirmative defenses to liability.  This includes the administrative and/or executive exemptions under 29 U.S.C. §213 and/or the Motor Carrier Act Exemption under 29 U.S.C. §213.

### Eleventh Defense

56. Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief may be granted, in whole or in part, against Defendant, based, in whole or in part, on the Plaintiff's allegations or, alternatively, the lack of allegations or specificity of allegations by Plaintiff in his Complaint and as a matter of law.

### Twelfth Defense

57. Defendant asserts that Plaintiff has failed to state a claim upon which relief may be granted, as a matter of law, and, in particular, as related to any assertion of claim for liquidated damages, exemplary damages, punitive damages or other similar damages.  Moreover, the facts alleged by Plaintiff in his Complaint fail to state a cognizable claim for relief for liquidated damages, exemplary damages, punitive damages or other similar damage and there is no basis for the award of such damages as alleged, as asserted, as may be alleged or as may be asserted by Plaintiff and as a matter of law.  Moreover, any and all actions taken by Defendant, if any, were at all times in good faith and reasonable and any and all actions taken, if any, in any way related to Plaintiff were in good faith and reasonable.  Any assertion or imposition of liquidated damages, exemplary damages, punitive damages or similar damages would be violative of any and all rights of Defendant under the facts alleged and as a matter of law and Defendant hereby asserts and invokes his rights and protections, including applicable protections of the United States Constitution and the Amendments thereof, as well

as the Constitution and laws of any applicable state.

### Thirteenth Defense

58.     To the extent that Plaintiff is seeking any relief beyond that which is provided by applicable law, Defendant asserts Plaintiff's failure to state a cognizable claim for relief and any and all relief, which is at all times, disputed, contested and denied, is limited by applicable law.

### Fourteenth Defense

59.     Defendant hereby asserts any and all statutory defenses as provided under applicable law, including the Fair Labor Standards Act and its regulations, as well as any and all other statutory defenses as may be provided by law and any and all such statutory defenses are incorporated herein by reference as if copied in extensio.  Moreover, Defendant asserts, as defenses, all legal elements and burdens of proof required in connection with Plaintiff's asserted claims, including any and all requirements and elements under the Fair Labor Standards Act and its regulations.

### Fifteenth Defense

60.     Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief may be granted, based on Plaintiff's failure to designate or specify the particular hours worked by him, the workweeks alleged at issue and the activities in which he engaged.  The foregoing also raises affirmative defenses.

### Sixteenth Defense

61.     As an alternative defense and to the extent that any minimal amounts of time were worked by Plaintiff to which he was eligible or qualified for compensation, which is at all times disputed, contested and denied, Defendant asserts as an alternative defense, the *de*

*minimus* rule as a defense for liability, limitation upon relief or bar to claims.

### Seventeenth Defense

62. To the extent that Defendant has made payment to Plaintiff for hours not actually worked or for time that is otherwise not compensable, Defendant hereby asserts the affirmative defenses of offset, reduction and setoff to any and all amounts alleged or claimed by Plaintiff or, alternatively, to the extent that there is any recovery by Plaintiff which, at all times, is disputed and contested.

### Eighteenth Defense

63. Plaintiff caused Defendant to pay to him per diems based on inaccurate documentation that he completed and submitted and for which he was not otherwise eligible under Defendant's policies and/or procedures. As such, he impermissibly received monetary amounts representing per diems for which he was not eligible and for which he was not entitled to be paid. As such, Defendant asserts a claim of set off, offset and reduction to any recovery for amounts asserted by Plaintiff, for which such claims for relief and damages are disputed by Defendant.

### Nineteenth Defense

64. To the extent Plaintiff falsified any time or attendance records or otherwise recorded hours for which he did not work, Defendant asserts the defense of estoppel, waiver, unclean hands, Plaintiff's failure to state a claim for relief, offset, set off and reduction.

### Twentieth Defense

65. Defendant is entitled to recover any and all attorney's fees, costs and expenses incurred in defense of this action pursuant to applicable law.

## Twenty-First Defense

66.     Defendant reserves the right to supplement any and all defenses asserted herein and to raise additional defenses during the course of litigation.

WHEREFORE, premises considered, Coil Tubing Partners, LLC prays that this Answer and Defenses pleading be deemed good and sufficient and that its defenses be granted and sustained and that this lawsuit and all claims asserted by Steven Crawford and any other person who joins in or opts in this lawsuit be dismissed with prejudice at their cost. Coil Tubing Partners, LLC further prays that it be awarded any and all attorney's fees, costs and expenses incurred in defense of this action pursuant to applicable law or as otherwise may be allowed by applicable law. Coil Tubing Partners, LLC further prays for any and all other just relief, at law, in equity or otherwise.

Respectfully submitted,

*/s/ Liza Aguilar Wood*
Liza Aguilar Wood
*Attorney-in-Charge*
Texas State Bar No. 24006741
Federal ID No. 23222
McKibben, Martinez & Wood, LLP
555 N. Carancahua St., Suite 1100
Corpus Christi, TX 78401
Phone: (361) 882-6611
Fax: (361) 883-8353
E-mail: laguilarwood@mmjw-law.com

Attorneys for Coil Tubing Partners, LLC

Joel P. Babineaux
*Of Counsel*
Louisiana State Bar No. 21455
Babineaux, Poche', Anthony & Slavich, L.L.C.
1201 Camellia Blvd., Third Floor
Lafayette, LA 70508
P.O. Box 52169
Lafayette, LA  70502-2169

Phone: (337) 984-2505
Fax: (337) 984-2503
Email: jbabineaux@bpasfirm.com

Attorneys for Coil Tubing Partners, LLC

APPLICATION FOR ADMISSION
PRO HAC VICE TO BE SUBMITTED

# CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, in compliance with Federal Rule of Civil Procedure 5 and the Southern District of Texas Administrative Procedures for Electronic Filing at paragraph 9, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Douglas B. Welmaker
Welmaker Law, PLLC
505 E. Magrill St.
Longview, TX  75601
Phone: (512) 499-2048

/s/Liza Aguilar Wood
Liza Aguilar Wood