UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN CRAWFORD | § | |
| | § | CIVIL ACTION NO. 2:25-cv-00183 |
| | § | |
| v. | § | |
| | § | JUDGE NELVA GONZALES RAMOS |
| | § | |
| COIL TUBING PARTNERS, LLC | § | |

**JOINT STATUS REPORT**

NOW INTO COURT, through undersigned counsel, come Steven Crawford ("Plaintiff") and Coil Tubing Partners, LLC ("Defendant"), who submit this Joint Status Report in advance of the initial pretrial and scheduling conference set for October 9, 2025 at 9:00 a.m. and who, in accordance with this Honorable Court's Order and Instructions submit as follows:

Rule 26 Conference:

1. The parties conducted a Rule 26 conference on Friday, August 22, 2025. The conference was conducted by telephone. Douglas B. Welmaker appeared on behalf of Plaintiff. Joel P. Babineaux appeared on behalf of Defendant.

Related Cases:

2. At this time, there are no related pending cases.

Asserted Facts and Theories:

3. Plaintiff alleges that he was misclassified as exempt and that he was not paid overtime wages in compliance with the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that he held the job position of Health, Safety, and Environmental Coordinator ("HSE Coordinator"), that he was paid on a salary basis and that he was not paid overtime for any

1

hours worked in excess of forty (40) in the workweek. Plaintiff alleges that he regularly worked more than forty (40) hours in the workweek and that he should have been paid overtime compensation for any hours worked in excess of forty (40) in the workweek. Plaintiff asserts a claim for overtime wages, liquidated damages, attorney's fees and costs. Plaintiff is asserting an individual claim only and has not asserted a collective action.

Defendant disputes and contests Plaintiff's allegations and claims. Defendant contends that as a HSE Coordinator, he was exempt from overtime pursuant to applicable exemptions under the FLSA, including the administrative exemption, executive exemption and/or the highly compensated employee exemption. Additionally, Defendant contends that Plaintiff did not regularly work overtime hours and that Plaintiff is not eligible for overtime compensation pursuant to the FLSA and based on his job duties and responsibilities and his salary basis.

Subject Matter Jurisdiction:

4.  The parties jointly submit that this Honorable Court has subject matter jurisdiction. In this regard, Plaintiff asserts claims under federal law and, in particular, the Fair Labor Standards Act (29 U.S.C. §201, et seq.). As a result, this Honorable Court has federal questions jurisdiction pursuant to 28 U.S.C. §1331.

Additional Parties:

5.  At this time, Plaintiff and Defendant do not anticipate the joinder of any additional parties.

Interventions:

6.  Plaintiff and Defendant do not anticipate any third party intervention.

Class Action:

    7.    This case is not a class action nor a collective action.

Initial Disclosures:

    8.    The parties have already exchanged their Initial Discovery Protocols and Rule 26 Initial Disclosures in accordance with this Honorable Court's Standing Order. Defendant submitted its Initial Discovery Protocol and Rule 26 Initial Disclosures on September 8, 2025. Plaintiff submitted his on September 8, 2025. The Court's deadline is September 12, 2025.

Discovery:

    9.    The parties do not anticipate any specialized discovery plan. Other than Initial Disclosures, the parties have not yet engaged in discovery. Plaintiff and Defendant anticipate issuing interrogatories and requests for production of documents within sixty (60) days of their Rule 26 conference. The parties have not yet developed a plan or schedule for depositions other than to wait until written discovery is completed before taking depositions. The parties will complete depositions within the time period set forth in this Honorable Court's Initial Scheduling Order. The parties have not yet identified deponents. Plaintiff anticipates taking a corporate deposition of Defendant and the deposition of Plaintiff's supervisor. At this time, Defendant anticipates taking the deposition of Plaintiff and any other witness identified by Plaintiff.

    At this time, the parties do not anticipate utilizing testifying experts.

Discovery Plan:

    10.    The parties are currently not in dispute as to discovery or a discovery plan.

Post-Initial Disclosure Discovery:

    11.    To date, the parties have not yet engaged in discovery beyond the exchange of

Rule 26 Initial Disclosures.

Discovery Completion:

12. At this time, the parties anticipate being able to complete discovery by the March 2, 2026 deadline set forth in this Honorable Court's Initial Scheduling Order.

Settlement:

13. At the Rule 26 conference, the parties did discuss the potential for early resolution and settlement. With regard to a settlement demand, Plaintiff has agreed to make a settlement demand to determine whether this matter may be suitable for early resolution. As this matter develops, the parties will consider the potential for mediation.

Magistrate Judge:

14. At this time, the parties do not consent to trial by Magistrate Judge.

Jury Demand:

15. Plaintiff has made a demand for a trial by jury.

Trial Days:

16. The parties anticipate needing one (1) week (five (5) Court days) in order to present their respective evidence. Assuming seven (7) Court hours per day, the total number of combined hours is currently anticipated to be thirty-five (35).

Pending Motions:

17. There are currently no pending motions to be ruled upon at the initial pretrial conference.

Other Pending Motions:

18. There are currently no other pending motions.

Particular Issues:

19. There are no particular or special issues to be addressed with the Court at the initial pretrial conference.

Certificate of Interested Parties:

20. Plaintiff filed a Certificate of Interested Parties on July 22, 2025. Defendant filed a Certificate of Interested Parties on August 13, 2025.

List of Counsel:

21. Counsel for Plaintiff:
Douglas B. Welmaker
Texas State Bar No. 00788641
Welmaker Law, PLLC
505 E. Magrill Street
Longview, TX 75601
Phone: 512-499-2048
Email: doug@welmakerlaw.com

Counsel for Defendant:
Liza Aguilar Wood
Attorney-in-Charge
Texas State Bar No. 24006741
Federal ID No. 23222
McKibben, Martinez & Wood, LLP
555 N. Carancahua St., Suite 1100
Corpus Christi, TX 78401
Phone: (361) 882-6611
Fax: (361) 883-8353
E-mail: laguilarwood@mmjw-law.com

Joel P. Babineaux
*Of Counsel*
Louisiana State Bar No. 21455
Babineaux, Poche', Anthony & Slavich, L.L.C.
1201 Camellia Blvd., Third Floor
Lafayette, LA 70508
P.O. Box 52169
Lafayette, LA  70502-2169
Phone: (337) 984-2505; Fax: (337) 984-2503
Email:  jbabineaux@bpasfirm.com
(Admitted Pro Hac Vice August 14, 2025)

Respectfully submitted,

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
Welmaker Law, PLLC
505 E. Magrill Street
Longview, TX 75601
Phone: 512-499-2048
Email: doug@welmakerlaw.com
Attorneys for Steven Crawford

*/s/ Joel P. Babineaux*
Joel P. Babineaux
*Of Counsel*
Louisiana State Bar No. 21455
Babineaux, Poche', Anthony & Slavich, L.L.C.
1201 Camellia Blvd., Third Floor
Lafayette, LA 70508
P.O. Box 52169
Lafayette, LA  70502-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
Email:  jbabineaux@bpasfirm.com
(Admitted Pro Hac Vice August 14, 2025)
Attorneys for Coil Tubing Partners, LLC

Liza Aguilar Wood
*Attorney-in-Charge*
Texas State Bar No. 24006741
Federal ID No. 23222
McKibben, Martinez & Wood, LLP
555 N. Carancahua St., Suite 1100
Corpus Christi, TX 78401
Phone: (361) 882-6611
Fax: (361) 883-8353
E-mail: laguilarwood@mmjw-law.com
Attorneys for Coil Tubing Partners, LLC